IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY SIPPLE AND ANNETTE JETER-SIPPLE, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL ZEVITZ, et al., <br><br> Defendants. | Case No. 5:23-cv-04038-HLT |

# ORDER

Plaintiffs Gary Sipple and Annette Jeter-Sipple bring this pro se action related to the foreclosure of their property, seeking $50 million in damages.[1] They claim judges, attorneys, and a court clerk in Kansas have violated their rights. Within a week of filing their case, and without demonstrating service of summons and the complaint on all defendants,[2] Plaintiffs filed a three-page motion for a temporary injunction (Doc. 3).

There are several problems with Plaintiffs' motion. It does not appear that Plaintiffs served the request on Defendants. A court may only issue a temporary restraining order without notice to the adverse party or her attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] The Court liberally construes Plaintiffs' pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2] An attorney has entered an appearance on behalf of two defendants, who represent they have been served. Docs 4 & 5. But it appears these defendants were served only with the complaint, not the later-filed motion, as service was effected May 22 and 23, and the motion was filed May 24. Doc. 5.

Fed. R. Civ. P. 65(b)(1). Plaintiffs have made neither showing here. They ask for significant damages, which indicates any injury is reparable with money. And they have not shown any injury is imminent. Plaintiffs merely assert the threatened harm is imminent "because Michael Zevitz et al. . . promised to foreclose on petitioner private property as soon as possible." Doc. 3 at 2. This assertion is insufficient to indicate "specific facts" that "clearly show that immediate and irreparable injury" will result before the adverse parties can be heard. Fed. R. Civ. P. 65(b)(1)(A). Neither have Plaintiffs certified any efforts to give notice or explained why it should not be required.

The outcome does not change even if two defendants have received notice of the motion. If the Court considered Plaintiffs' motion as one for a preliminary injunction with notice under Rule 65(a) (or a temporary injunction with notice), Plaintiffs still fail to meet their burden of showing entitlement to this extraordinary relief. They seek immediate injunctive relief, but they do not specify the claims upon which they seek relief. Their complaint includes a multitude of claims such as trespass, forgery, and identity theft. Yet the injunctive relief Plaintiffs seek is for the Court to enjoin "Michael Zevitz et al. . . or any assigns from approaching petitioner property intellectual, as well as real property within 50 feet . . . ." Doc. 3 at 3. Plaintiffs fail to tie their requested relief to any claim or claims. And they do not address any specific claim or the elements to prove that claim.

And although Plaintiffs briefly mention each element for a preliminary injunction, they make only conclusory allegations about how they meet those elements. *See, e.g.*, Doc. 3 at 2 ("A substantial likelihood exists that petitioner will prevail in this action, because facts obtained in a discovery will reveal that Michael Zevitz et al has carried out similar threats and caused serious injuries to others."). But this conclusory statement does <u>not</u> demonstrate a substantial likelihood

of success on the merits. To evaluate the merits, the Court suspects that other important questions will need to be resolved, such as whether the Court has jurisdiction to entertain this case at all. All of Plaintiffs' claims appear to arise out of the foreclosure of their property. An action in Plaintiffs' favor may interfere with the state court foreclosure action. This may in turn violate the *Rooker-Feldman* doctrine, which "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). Moreover, the judicial defendants may be entitled to judicial immunity. *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981). And court clerks may be entitled to quasi-judicial immunity. *Coleman v. Farnsworth*, 90 F. App'x 313, 316-17 (10th Cir. 2004). These issues are ones that Plaintiffs fail to address at all.

In sum, it is Plaintiffs' burden to show an entitlement to the extraordinary remedy of a temporary restraining order or a preliminary injunction. Plaintiffs have not met their burden. Plaintiffs have not shown that (1) they risk immediate and irreparable harm; (2) any alleged threatened harm to Plaintiffs outweighs any potential harm to Defendants; (3) relief will not adversely affect the public interest; or (4) a substantial likelihood of success on the merits. Nor have they provided information from which the Court can find a hearing on the matter is necessary or warranted.

THE COURT THEREFORE ORDERS that Plaintiffs' Verified Petition for Temporary Emergency Injunction (Doc. 3) is DENIED.

IT IS SO ORDERED.

Dated: May 25, 2023            /s/  Holly L. Teeter
                               HOLLY L. TEETER
                               UNITED STATES DISTRICT JUDGE