IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ANNETTE JETER-SIPPLE, et al.,

    Plaintiffs,

v.                                  Case No. 23-4038-HLT-RES

MICHAEL L. ZEVITZ, et al.,

    Defendants.

## DEFENDANTS ZEVITZ'S AND MEYER'S MOTION TO DISMISS

COMES NOW Defendants Michael L. Zevitz and William H. Meyer ("Defendant Lawyers") and, for their Motion to Dismiss Plaintiffs Annette Jeter-Sipple's and Gary Sipple's Complaint (**Doc. 1**) (collectively, the "Jeter-Sipples") brought pursuant to Rule 12(b)(6), state:

### I.    INTRODUCTION.

At its core, this case is about a residential foreclosure lawsuit filed by the Defendant Lawyers' firm in March 2022 on behalf of their client (MidFirst Bank, the "Bank") against the Jeter-Sipples in the District Court of Shawnee County, Kansas. The foreclosure lawsuit was filed because the Jeter-Sipples have failed to make mortgage loan payments since ***November 2019***. The state court entered summary judgment against the Jeter-Sipples on January 23, 2023. Soon after that, the Jeter-Sipples filed a Notice of Removal in this Court (Case No. 5:23-CV-04013-EFM-RES) in which they made claims against the Bank, its attorneys as well as the state court judges. The Bank moved to remand.

As detailed by Judge Melgren when he remanded the case in April 2023, the Jeter-Sipples' removal was improper because it was filed *after* the state court had entered summary judgment against the Jeter-Sipples. In the ruling, Judge Melgren made telling observations about the Jeter-

1

Sipples. First, he noted that the Jeter-Sipples' claim that they are members of the "Washitaw Nation" implicates them as being among the sovereign citizen movement because the U.S. Government does not recognize an entity known as the Washitaw Nation and because references to that tribal name are favored by sovereign citizens. Second, Judge Melgren observed that, although the Jeter-Sipples alleged that they were "Federally Protected Consumers" and had cited a "panoply of federal statutes" accusing the Bank and its lawyers of violating the Jeter-Sipples' constitutional rights, the Jeter-Sipples' removal tactics were "***dishonest at best.***" Further, Judge Melgren identified the Jeter-Sipples' excuses as to why they failed to timely remove the state court action to federal court as "***weak and dishonest.***" *MidFirst Bank v. Jeter-Sipple*, 23-CV-4013-EFM, Doc. 24 (Order).

Weak and dishonest describes the Jeter-Sipples' recently filed Complaint that, once again, uses sovereign citizen tactics to attack the Bank's lawyers and the state court judges (and even a county clerk, with veiled threats thrown in against the county sheriff and recorder of deeds[1]). The Complaint, despite bearing the *non sequitur* title "42 U.S.C. 1983 Complaint," is really an unhinged wrongful foreclosure lawsuit dressed up under the following causes of action:

| | |
|---|---|
| Count 1 – | Trespassing (complaining about being personally served with the state court foreclosure summons and petition); |
| Count 2 – | Invasion of Privacy (re-complaining about being personally served); |
| Count 3 – | Forgery (the Jeter-Sipples never identify what was allegedly forged); |
| Count 4 – | Identify Theft (the Jeter-Sipples allege no facts supporting this claim); |
| Count 5 – | Receiving Stolen Property (which is the Jeter-Sipples' mischaracterization of the Kansas judicial foreclosure process); and |
| Count 6 – | Intentional Interference (which seemingly repackages Count 1). |

Those counts fail to state a claim because (1) there is no cause of action for wrongful foreclosure under Kansas law and the Jeter-Sipples various theories do not allow them to side-step that legal

---

[1] See Doc. 1 (Complaint) at Doc. 1-1 p. 2 of 4, "On notice Sheriff Brian Hill", "Recorder of deeds Becky Nioce."

2

reality; (2) the Complaint fails satisfy *Iqbal and Twombly* and Rule 9 pleading requirements; (3) the claims are, at best, state law claims over which the Court does not have subject matter jurisdiction; (4) the Complaint's 42 U.S.C. 1983 reference (and other federal law references) is unsupported by any facts that plausibly allege that the Defendant Lawyers are state actors that could be subject to a 1983 or other federal claim; and (5) the *Rooker-Feldman* and *Younger* doctrines preclude federal courts from exercising jurisdiction over final state court proceedings and judgments- which is exactly what the Jeter-Sipples seek to do as evidenced by their TRO Motion. Doc. 3.

For these reasons, and as briefed below, the Complaint must be dismissed and the Court should enter a filing restriction to prevent these sovereign citizens from barraging the defendants and the Court with endless and baseless filings (i.e. the TRO Motion) calculated to upset the state court foreclosure process.

## II. BACKGROUND REGARDING STATE COURT MORTGAGE FORECLOSURE LAWSUIT AND THE JETER-SIPPLES' IMPROPER REMOVAL OF THAT CASE TO FEDERAL COURT.

1. The Bank filed a state court residential mortgage foreclosure lawsuit on March 28, 2022, in the District Court of Shawnee County, Kansas, because the Jeter-Sipples failed to make periodic payments when due under the Note and Mortgage since November 2019. See **Exhibit A** (File Stamped Copy of State Court Petition).[2]

---

[2] *See Dale v. Bank of Am., N.A.*, No. 16-1081-EFM-KGG, 2016 U.S. Dist. LEXIS 106623, at *6 n.8 (D. Kan. Aug. 11, 2016) citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (saying a court's own files and records as well as facts which are a matter of public record can be considered under the judicial notice exception); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (saying that filings from state-court disciplinary proceedings can be considered under the judicial notice exception).

2.  The real property at issue in the state court mortgage foreclosure action is located at 2508 Southwest Stutley Court, Topeka, Kansas 66614 and legally described as Lot 10, Block A, West Indian Hills Subdivision No. 2, in Shawnee County, Kansas (collectively, the "Property"). See Doc. 1 (Complaint), Doc 1-2 (Ex. E, Mortgage) at p. 28 of 41. Also, see **Exhibit A** (File Stamped Copy of State Court Petition) and the state court Petition's Exhibit (B), which is the Mortgage that describes the Property.

3.  The Jeter-Sipples filed numerous motions in the state court foreclosure action and, in rejecting one such a motion (a Motion to Compel Arbitration), the state court candidly assessed the Jitter-Sipples' litigation tactics of "creat[ing] baseless theories about every person whose name appears in the court file in attempt to make the foreclosure lawsuit go away" as being "*irresponsible and unacceptable*":

> According to the Petition, defendants have failed to make their monthly mortgage installment payments since December 1, 2019. Defendants do not claim they made their monthly payments and that they are not in default. Instead of facing responsibility for non-payment, defendants create baseless theories about every person whose name appears in the court file in attempt to make the foreclosure lawsuit go away. While this Court is sympathetic, this behavior is irresponsible and unacceptable.
>
> For all the reasons stated above, defendants' Motion to Compel Arbitration filed on September 19, 2022, is DENIED.

See **Exhibit B** (File Stamped Copy of State Court January 11, 2023 Order) at p. 4.

5.  The state court entered summary judgment against the Jeter-Sipples on January 12, 2023. See **Exhibit C** (File Stamped Copy of State Court Journal Entry of Judgment).

6.  The Jeter-Sipples filed numerous motions for relief in the state court action and all such motions have been denied. See **Exhibit D** (File Stamped Copy of State Court January 23, 2023 Order), **Exhibit E** (File Stamped Copy of State Court February 6, 2023 Order).

4

7. The Jeter-Sipples removed the state court mortgage foreclosure to the U.S. District Court for the District of Kansas on February 13, 2023, and the case was assigned Case No. 5:23-CV-04013-EFM-RES. See **Exhibit F** (Notice of Removal).

8. On April 19, 2023, the Court granted the Bank's Motion to Remand and Case No. 5:23-CV-04013-EFM-RES was remanded to the state court. See **Exhibit G** (Memorandum and Order Granting Motion to Remand).

9. On May 18, 2023, the Jeter-Sipples renewed their assault on the state court foreclosure judgment by filing their Complaint in federal court. See Doc. 1 (Complaint).

10. On May 25, 2023, the Jeter-Sipples filed a "Verified Petition for Temporary Injunction" (Doc. 3) seeking to upset the state court's foreclosure proceedings in addition to $40 million dollars. Doc. 3 (Motion for TRO) at ¶ 9.

11. On May 26, 2023, the Court enter its order denying the Jeter-Sipples' "Verified Petition for Temporary Injunction." Doc. 6 (Order Denying TRO).

**III. ARGUMENT.**

    **A. Authority.**

        *1. Rule 12(b)(6), Iqbal and Twombly.*

Plaintiff's Complaint (Doc. 1) should be dismissed under Rule 12(b)(6) because the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). When considering whether a plaintiff has stated a plausible claim, the court must assume that the complaint's factual allegations are true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). But, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Under this standard, 'the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "does not require 'detailed factual allegations,'" but it requires more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A *pro se* complaint may be dismissed if "it is obvious that the plaintiff cannot prevail on the facts [Plaintiff] as alleged and it would be futile to give [Plaintiff] an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).

    *2.*    ***Claims Based on Sovereign Citizen Theories May be Dismissed Without Extended Argument as Patently Frivolous.***

"Courts show no hesitation in rejecting as frivolous arguments based on the theory of sovereign citizenship." See *Kamerann-Terrell v. Johnson Cty. Sheriff Dep't*, No. 2:22-cv-02079-HLT, 2022 U.S. Dist. LEXIS 140849, at *4-6 (D. Kan. Aug. 8, 2022) citing *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [the defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("We note that an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *McCormack v. Hollenbach*, 2019 U.S. Dist. LEXIS 13642, 2019 WL 360522, at *2 (W.D. Ky. 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources." (internal quotation marks and citation omitted)). "Claims based on 'sovereign citizen' theories may be dismissed without 'extended argument' as patently frivolous." *Adkins v. Kentucy*, 2018 U.S. Dist. LEXIS 210476, 2018 WL 6528462, at *1 (W.D. Ky. 2018) (quoting *United States v. Ward*, 1999 U.S. App. LEXIS 9255, 1999 WL 369812, at *2 (9th Cir. 1999)). As Judge Crabtree recognized in a case with similar facts, "It appears plaintiff's Complaint asserts that he is not subject to the jurisdiction of the state of Kansas, while simultaneously calling upon the court to enforce his 'agreements' with Kansas." *Browne v. Scott*, 2019 U.S. Dist. LEXIS 176200, 2019 WL 5084621, at *3 (D. Kan. 2019).

The Jeter-Sipples' Complaint is replete with sovereign citizen theories and it should be summarily dismissed.

B.  **Argument.**

1.  ***Count 1 (Trespass) Fails Because the Lawyer Defendants Are Not Alleged to Have Trespassed, Service of Process is an Exception to Trespass and Trespass is a State Law Cause of Action Over Which the Court Lacks Jurisdiction.***

The Jeter-Sipples' Count 1 (Trespass) alleges that "**Process Server Brian Doles** admits to violating and trespassing on Plaintiffs private trust property which is an admission of Defendants intentional, reckless, or negligent entry on the property, lack of permission." Doc. 1 (Complaint) at p. 3 ¶ 21 (emphasis added).

The Jeter-Sipples' Trespass claim fails for at least three reasons. First, "Brian Doles" is not a party to this case and no trespass claim as to the Attorney Defendants (or any of the other Defendants) is stated.

Second, the service of process for a lawsuit is an exception to a trespass claim and it is not actionable. See *Baker v. Hayden*, 459 P.3d 834 (Kan. App. 2020) (unpublished) ("The privilege defined in Restatement (Second) of Torts § 208 permits a person to enter the land of another to execute valid or facially legitimate civil process on an occupant of the land but prohibits a forcible entry of a dwelling to do so.") and *Wierzbic v. Howard*, 331 F.R.D. 32, 47 (W.D.N.Y. 2019) ("Exceptions to trespass include, *inter alia*, entry for service of process…").

Third, trespass is a state law cause of action over which (absent the Court establishing subject matter jurisdiction on some other basis) the Court lacks jurisdiction. See *Browning v. MCI Worldcom Network Servs., Inc.*, CIVIL ACTION No. 01-2230-CM, 2002 U.S. Dist. LEXIS 5591, at *10 (D. Kan. Mar. 28, 2002) ("Under Kansas law, a cause of action for trespass requires a plaintiff to prove defendants are trespassers.").

For these fundamental reasons, Count 1 must be dismissed for failing to state a claim.

> 2. **Count 2 (Invasion of Privacy) Fails Because Service of Process Does Not Constitute a Tort, the Lawyer's Had a Right and a Duty to Serve the Foreclosure Petition on the Jeter-Sipples, and this is a State Law Cause of Action Over Which the Court Lacks Jurisdiction.**

The Jeter-Sipples' Count 2 (Invasion of Privacy) alleges that the Lawyer Defendants invaded the Jeter-Sipples' privacy rights because of the process server's alleged trespass. Doc. 1 (Complaint) at ¶¶ 26-29.

The Jeter-Sipples' Count 2 fails for at least three reasons. First, service of process does not constitute trespass, or any other claim, under Kansas law and it is an exception to such a claim. See *Baker v. Hayden*, 459 P.3d 834 (Kan. App. 2020) (unpublished) and *Wierzbic v. Howard*, 331 F.R.D. 32, 47 (W.D.N.Y. 2019) for the same reasons briefed above.

Second, to state a claim for invasion of privacy, the Jeter-Sipples must plausibly allege facts showing:

> First, something in the nature of an intentional interference in the solitude or seclusion of a person's physical being, or prying into his private affairs or concerns, and second, that the intrusion would be highly offensive to a reasonable person. Comment b. to § 652B of the Restatement reads:
>
> "The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined."

9

The Jeter-Sipples allege no facts that the mere service of process of a lawsuit on them in anyway invaded their privacy, nor can they. For example, other than the fact that process was served on the Jeter-Sipples, the Jeter-Sipples allege no facts regarding such service even suggesting that the service of the foreclosure lawsuit was performed in an unreasonable manner. Additionally, if the Jeter-Sipples were somehow correct in making this claim (and they are not) then all lawsuit defendants would have such a claim. Although the service of the foreclosure lawsuit on the Jeter-Sipples was no doubt disappointing news for them, the Defendant Lawyers were required by law to serve the foreclosure lawsuit on the Jeter-Sipples (to satisfy the Jeter-Sipples due process rights) to allow their client to lawfully foreclose its mortgage (to protect the Bank's contract rights).

Finally, like trespass, invasion of privacy is a state law cause of action and (absent the Court establishing subject matter jurisdiction on some other basis) the Court lacks jurisdiction over this claim.

### 3. Count 3 (Forgery) Fails Because Fraud Claims Must be Alleged with Particularity (Which the Jeter-Sipples Did Not Do) and it is a State Law Cause of Action Over Which the Court Lacks Jurisdiction.

The Jeter-Sipples' Count 3 alleges that the Defendants committed fraud, or forged a document, stating that "Defendants used a false instrument purported to be a [Dispossessory Affidavit.]" Doc. 1 (Complaint) at ¶ 32. The Jeter-Sipples' Count 3 fails to state a claim for at least two reasons.

First, Rule 9(b) requires that fraud be alleged with particularity. Fraud claims that fail to satisfy the particularity requirement are subject to dismissal. See *Unicredit Bank AG v. Bucheli*, No. 10-2436-JWL, 2011 U.S. Dist. LEXIS 103104, at *9 (D. Kan. Sep. 12, 2011) citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (complaint alleging fraud must set forth "the time, place and contents of the false representation, the identity of the party making the false

statements and the consequences thereof"). The Jeter-Sipples fail to satisfy Rule 9 because they do not identify which of the several defendants in this case allegedly forged the "Dispossessory Affidavit." Further, the Jeter-Sipples fail to identify what document they claim to be the "Dispossessory Affidavit"- i.e. no such document is attached to their Complaint and the term "Dispossessory Affidavit" is essentially meaningless. In addition to failing to plausibly allege these fundamental facts, the Jeter-Sipples do not allege whose signature was forged, when the forged document was allegedly fabricated nor do they allege what information the allegedly forged document contained. *Twombly* and *Iqbal,* coupled with Rule 9, require that the Jeter-Sipples Count 3 be dismissed.

Second, fraud is a state law cause of action over which (absent the Court establishing subject matter jurisdiction on some other basis) the Court lacks jurisdiction. *Bricker v. Kansas*, No. 16-cv-02283-DDC-GLR, 2017 U.S. Dist. LEXIS 20108, at *7, *9 (D. Kan. Feb. 13, 2017) ("Instead, he alleges state-law causes of action against defendants for negligence, fraud…" * * * "Simply reciting federal statutes and constitutional amendments at the outset of the Complaint is not sufficient to invoke the court's federal question jurisdiction."). Count 3 should be dismissed for this reason as well.

> 4. ***Count 4 (Identify Theft) Fails Because the Jeter-Sipples Do Not Allege Facts Plausibly Demonstrating How Defendants Misused the Jeter-Sipples' Names and Mailing Addresses and this is a State Law Cause of Action Over Which the Court Lacks Jurisdiction.***

The Jeter-Sipples Count 4 alleges that "Defendants knowingly uses Plaintiffs name [and mailing address] claiming to act on behalf of [another] . . . Defendant does these acts for the purpose of [self enrichment]." Doc 1 (Complaint) at ¶¶ 37-38. Count 4 fails for at least 2 reasons.

First, at its core, Count 4's identity theft claim is fundamentally a claim for fraud that must satisfy Rule 9's particularity requirement as well as *Twombly* and *Iqbal*'s pleading requirements.

11

The Jeter-Sipples Count 4 fails to plausibly identify which of the many defendants allegedly committed identify theft (and given that the defendant roster includes the Bank's lawyers, two state court judges and a county clerk) it is impossible to tell which particular defendants(s) is the target of this count based upon the context of the Complaint. Additionally, the Jeter-Sipples fail to identify with any particularity the communication(s) in which any defendant allegedly misused the Jeter-Sipples name. The Jeter-Sipples' failure to plausibly allege any facts to substantiate their identity theft claim requires that Count 4 be dismissed.

Further, frauds such as identify theft are a state law cause of action over which (absent the Court establishing subject matter jurisdiction on some other basis) the Court lacks jurisdiction.

5. **Count 5 (Receiving Stolen Property) is a State Law Criminal Cause of Action that the Jeter-Sipples Lack Standing to Assert and Over Which the Court Lacks Jurisdiction.**

The Jeter-Sipples' Count 5, asserting a "Stolen Property" claim, alleges that "Defendants received an alleged right/title access to the subject property… Defendants know it was stolen because [they didn't receive keys to the property from who they allegedly purchased it from." Doc. 1 (Complaint) at ¶¶ 40-41. This count also fails to state a claim.

First, receiving stolen property was a criminal offense under K.S.A. 21-3701(d), but that statute was repealed in 2011. Further, even if that statute had not been repealed or if there is another Kansas criminal statute under which such a claim could made, the Jeter-Sipples lack standing to pursue a criminal cause of action against any defendant in this case. See *Cummings v. Othmer*, No. 20-2371-DDC, 2021 U.S. Dist. LEXIS 105072, at *1-2 (D. Kan. June 4, 2021) ("As a private citizen, plaintiff 'lacks a judicially cognizable interest in the prosecution or non prosecution of another.' Plaintiff therefore lacks standing to bring these criminal claims in the civil case. The court therefore denies plaintiff's motion (ECF No. 26). If plaintiff thinks criminal

charges should be filed in connection with her allegations, she may contact the FBI or U.S. Attorney's Office.").

To the extent that the Jeter-Sipples are attempting to cobble together a state law tort claim similar to "receiving stolen property," the Court lacks jurisdiction over such a cause of action unless the Court established federal subject matter jurisdiction on some other basis. For these reasons, Count 5 fails to state a claim and should be dismissed.

Additionally, the Jeter-Sipples' attempt to redefine the Kansas judicial foreclosure process as the equivalent of "receiving stolen property" reveals the Jeter-Sipples' absolute lack of appreciation for the legal consequence of having failed to make their mortgage loan payment since November 2019. If further reveals the violence that the sovereign citizen movement does to the orderly administration of justice in state and federal courts.

### 6. *Count 6 (Intentional Interference) is Essentially a Wrongful Foreclosure Claim that is Not Recognized Under Kansas Law and a Claim Over Which the Court Lacks Jurisdiction.*

The Jeter-Sipples' Count 6 (Intentional Interference) alleges that "Defendants intentionally used their public positions to interfere with [the Jeter-Sipples'] peaceable enjoyment of the subject property." See Doc. 1 (Complaint) at ¶¶ 46. Essentially, the Jeter-Sipples are attempting to defeat the Bank's state court foreclosure lawsuit, and the service of that lawsuit on them, by arguing that the foreclosure wrongfully interferes with the Jeter-Sipples' peaceable enjoyment of the Property. That argument ignores the lawful consequence of defaulting on a mortgage loan, the Bank's right to enforce the Note and Mortgage and the Jeter-Sipples' Count 6 is meritless.

First, the Jeter-Sipples are essentially arguing that the Bank's state court foreclosure action against them is wrongful and gives rise to a cause of action against the Bank's lawyers and the state court judges involved in the state court foreclosure action. However, there is no cause of

action for a "wrongful foreclosure" under Kansas law. See *Deutsche Bank Nat'l Tr. Co. v. Drake*, 404 P.3d 372 * (Kan. App. 2017) ("Wrongful foreclosure is an action to set aside a foreclosure sale or an action for damages from the sale on the basis that the foreclosure was improper. 59 C.J.S., Mortgages § 650. As a judicial foreclosure jurisdiction, we are not apprised of any legal authority in Kansas that has recognized the tort of wrongful foreclosure. We find no error."). Because there is no cause of action for wrongful foreclosure, this count fails to state claim on which relief can be granted.

Second, if the Jeter-Sipples actually had a complaint about the state court foreclosure action, the only appropriate forum for that complaint is before the Kansas state court and the Kansas appellate courts. The Jeter-Sipples attempt to seek relief from the foreclosure judgment in this forum runs afoul of the *Rooker-Feldman* doctrine. See *Cummings v. Othmer*, No. 20-2371-DDC-RES, 2022 U.S. Dist. LEXIS 39994, at *10-11 (D. Kan. Mar. 7, 2022) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). This doctrine encompasses claims alleging "injuries caused by state-court judgments." *Exxon Mobil*, 544 U.S. at 284. The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466. To allow otherwise would contravene 28 U.S.C. § 1257, which confers jurisdiction to hear appeals from final state court judgments only on the Supreme Court. *Id.* at 463. In short, the *Rooker-Feldman* doctrine precludes the lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Id.*").

Additionally, even if the Jeter-Sipples' Count 6 somehow stated a viable state law cause of action, absent the Court establishing subject matter jurisdiction on some other basis, the Court would lack jurisdiction to hear such a claim.

### 7. *The Jeter-Sipples' Reference to 42 U.S.C. 1983 Fails to State a Claim Against the Defendant Lawyers.*

Although the Jeter-Sipples' Complaint is gratuitously entitled "42 U.S.C. Complaint" and makes passing references to "the Administrative Procedures Act 1946," "5 U.S.C. 551," "Privacy Act 1974," "5 U.S.C. 552," and "Bill of Rights Article(s) The First and Fifth," nothing in the Complaint alleges facts that plausibly establish that the Defendant Lawyers are state actors subject to a 1983 claim or a claim under any of the other disparate federal authorities cited by the Jeter-Sipples. Accordingly, the Jeter-Sipples' attempt to manufacture subject matter jurisdiction in this way is factually and legally unsupportable.

Additionally, when recently confronted with a similar pro se pleading style, Judge Crabtree ruled that "[s]imply reciting federal statutes and constitutional amendments at the outset of the Complaint is not sufficient to invoke the court's federal question jurisdiction." See *Bricker v. Kansas*, No. 16-cv-02283-DDC-GLR, 2017 U.S. Dist. LEXIS 20108, at *7, *9 (D. Kan. Feb. 13, 2017).

Furthermore, the Defendant Attorneys (Zevitz and Meyer) have been named as defendants because of their representation of the Bank in the state court foreclosure action and in the federal removal action before Judge Melgren. See *MidFirst Bank v. Jeter-Sipple*, No. 23-CV-4013-EFM, 2023 U.S. Dist. LEXIS 68686, at *1 (D. Kan. Apr. 19, 2023) ("For Midfirst Bank, other, Midland Mortgage, Plaintiff: Michael L. Zevitz, William H. Meyer, LEAD ATTORNEYS, SouthLaw, PC - OP, Overland Park, KS") and see **Exhibit A** (File Stamped Copy of State Court Petition) at p. 6. The Jeter-Sipples allege no plausible facts to establish that the Defendant Lawyers are state actors.

### 8. *The Jeter-Sipples' Dishonest Depiction of Where the Property is and Where they Reside.*

Embracing their sovereign citizen roots that Judge Melgren detailed in **Exhibit G** (Memorandum and Order Granting Motion to Remand), the Jeter-Sipples' attempt to play jurisdictional games with their Complaint. The Jeter-Sipples allege that they have no contacts with the State of Kansas and the Property is not located in the State of Kansas in an apparent bid to invoke the Court's diversity jurisdiction. They make those dishonest allegations in this way:

> 5. Plaintiffs is a man / woman with no minimum contacts no substantial nexus with the state of Kansas or its agents.

> 16. There is no record with any Federal or State or Subdivision thereof that Subject Property is "in or within the state" of Kansas according to the statutory definition of the term is defined at Kan. Stat § 84-1-201 (38) "State" means a State of the United States, the District of Columbia.
>
> Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States.

See Doc 1 (Complaint) at ¶¶ 15 and 16.

The Jeter-Sipple allegations are flatly contradicted by other documents filed by the Jeter-Sipples. For example, on May 18, 2023, when the Jeter-Sipples filed their Complaint, they represented on the Civil Cover Sheet that they reside in Shawnee County, Kansas, in this way:

[Civil Cover Sheet image - JS 44 form showing Plaintiffs: Annette Jeter-Sipple, Gary Sipple; Defendants: Michael Zevitz et al; County of Residence of First Listed Plaintiff: Shawnee; County of Residence of First Listed Defendant: Overland Park, Shawnee; FILED MAY 18 2023; Basis of Jurisdiction and Citizenship of Principal Parties sections with Citizen of This State checked for both PTF and DEF]

See Doc. 2 (Civil Cover Sheet). The Jeter-Sipples also represent in the Civil Cover Sheet that they reside in the same state as Defendant Zevitz- which is Kansas. Furthermore, it cannot be disputed that the Jeter-Sipples' Property (the same Property at issue in the state court foreclosure action) is located at 2508 Southwest Stutley Court, Topeka, **Kansas** 66614 and legally described as Lot 10, Block A, West Indian Hills Subdivision No. 2, in Shawnee County, Kansas because that information is attached to the Jeter-Sipples' Complaint. See Doc. 1 (Complaint) at Exhibit 3, p. 1-8 of the Mortgage referenced in Exhibit 3. Also, see **Exhibit A** (File Stamped Copy of State Court Petition) and its Exhibit (A) which is the Mortgage. In short, there is no basis for asserting diversity jurisdiction in this case.

9. **The *Younger* Doctrine Requires the Court to Abstain from Interfering with an Ongoing State Judicial Proceeding.**

The Jeter-Sipples' claims also fails because they run afoul of the *Younger* doctrine. In a recent and similar case brought in this district by a borrower attempting to upset a state court foreclosure case by suing the lender's lawyers and others, Judge Robinson rejected the borrower's tactics because of the *Younger* doctrine:

> *Younger* requires a federal court to abstain when there is "an ongoing state judicial . . . proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings." Once these three

17

conditions are met, *Younger* abstention is nondiscretionary and, absent extraordinary circumstances, a district court is required to abstain. Based on the limited record before the Court, it appears that there is an ongoing state foreclosure case; the state court provides an adequate forum to hear the issues raised by plaintiff in these motions, such as challenges to that court's jurisdiction; and Kansas has a strong interest in foreclosures of land located in the state. This Court's review of the record demonstrates no extraordinary circumstances that would warrant not applying *Younger* and abstaining from exercising jurisdiction in this matter.

See *Carson v. Gissi*, No. 21-4053-JAR-KGG, 2021 U.S. Dist. LEXIS 157518, at *5 (D. Kan. Aug. 20, 2021) citing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Planned Parenthood of Kan. v. Anderson*, 882 F.3d 1205, 1221 (10th Cir. 2018) (quoting *Ute Indian Tribe of the Uintah & Ouray Resv. v. Utah*, 790 F.3d 1000, 1008 (10th Cir. 2015)) and *Botwin Fam. Partners, L.P. v. Thrivent Fin. for Lutherans*, No. 12-2549-RDR, 2013 U.S. Dist. LEXIS 41868, 2013 WL 1304469, at *2 (D. Kan. Mar. 26, 2013) (collecting cases). As demonstrated by **Exhibit C** (File Stamped Copy of State Court Journal Entry of Judgment) and Doc. 3 (the Jeter-Sipple's TRO Motion to Prevent the Foreclosure Sale), the Jeter-Sipples have conceded that there is an ongoing state court foreclosure case over which *Younger* requires the Court to abstain from exercising jurisdiction.

## IV. CONCLUSION.

The Jeter-Sipples' have failed to make their mortgage loan payment since November 2019 and the Bank obtained a state court foreclosure judgment against them in the District Court of Shawnee County, Kansas because of that payment default. Instead of seriously addressing their payment default issue, the Jeter-Sipples' have embraced the sovereign citizen movement by, as Judge Mary Christopher ruled, "creat[ing] baseless theories about every person whose name appears in the court file in attempt to make the foreclosure lawsuit go away" which she ruled was ***"irresponsible and unacceptable."*** Judge Melgren's ruling about the Jeter-Sipples litigation

conduct was equally blunt when he called them out for their Washitaw Nation representation and ruled that the Jeter-Sipples' positions were *"weak and dishonest."*

The Court must reject the Jeter-Sipples' sovereign citizen end run around the legal implications of the state court foreclosure judgment (and from interfering with a foreclosure sale to be scheduled in the state court foreclosure case) and immediately dismiss the Complaint. Otherwise, each day that this case remains pending in federal court is a win for the sovereign citizen bar and a loss for the lawful authority of state and federal courts.

WHEREFORE Defendants Zevitz and Meyer respectfully request that:

1. The Complaint be dismissed;
2. The Court enter a narrow filing restriction that prevents the Jeter-Sipples from filing any further documents[3] in the District of Kansas that in anyway relates to the state court foreclosure action, **Exhibit C** (File Stamped Copy of State Court Journal Entry of Judgment) and the lawyers, judges and county personnel involved in the state court foreclosure proceeding against the Jeter-Sipples, without first obtaining the Court's written permission; and
3. Such other relief as the Court deems just.

Respectfully submitted by,

SOUTHLAW, P.C.

/s/ *William H. Meyer*
William H. Meyer   KS 18142
13160 Foster Street, Suite 100
Overland Park, Kansas 662213
(913) 663-7639

---

[3] Please note that the Jeter-Sipples have already implemented their sovereign citizen strategy to inundate the Court and the defendants with frivolous filings as recently demonstrated by their May 24, 2023 *"Verified Petition for Temporary Injunction"* to upset a foreclosure sale of the Jeter-Sipples home. See Doc. 3.

William.Meyer@SouthLaw.com
Counsel for Defendant Lawyers

## CERTIFICATE OF SERVICE

We certify that a copy of Defendants' Motion to Dismiss was served on those identified below by electronic mail (and as otherwise indicated below) on May 26, 2023:

Annette Jeter-Sipple and Gary Sipple
via email at sippnu@gmail.com
Plaintiffs

Annette Jeter-Sipple and Gary Sipple
2508 SW Stutley Ct
Topeka, KS 66614-4767
First Class U.S. Mail
Plaintiffs

Annette Jeter-Sipple and Gary Sipple
P.O. Box 67711
Topeka, KS 66667
First Class U.S. Mail
Plaintiffs

Annett Jeter-Sipple
2831 SW 31st Court, Apt. 206
Topeka, KS 66614

Shon D. Qualseth
Shon.qualseth@ag.ks.gov
Milesha Segun
Milesha.segun@ag.ks.gov
Counsel for Defendants Judge Watson
and Judge Christopher

/s/     *William H. Meyer*
William H. Meyer