ELECTRONICALLY FILED
2023 Jan 11 PM 3:11
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000201



| | |
|---|---|
| **Court:** | Shawnee County District Court |
| **Case Number:** | 2022-CV-000201 |
| **Case Title:** | MidFirst Bank c/o Midland Mortgage vs. Annette E Jeter Sipple, et al. |
| **Type:** | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION (9-19-22) |

SO ORDERED.

*/s/ Honorable Mary E Christopher, District Judge*

Electronically signed on 2023-01-11 15:11:26    page 1 of 6

EXHIBIT B

### IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
### DIVISION EIGHT

| | |
|---|---|
| MidFirst Bank, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2022-CV-201 |
| v. ) | |
| ) | Title to Real Estate Involved |
| Annette E. Jeter Sipple; Gary J. Sipple; State of Kansas, ) | |
| Department for Children and Families; Annette Evon Jeter ) | |
| Trust, a Charitable Trust; Annette Evon Jeter Sipple, as ) | |
| Trustee of the Annette Evon Jeter Trust, a Charitable Trust, ) | |
| et al. ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM DECISION AND ORDER
## DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION (9-19-22)

Pending before the Court is defendant Annette Evon Jeter Sipple and Gary Sipple's Motion to Compel Arbitration filed on September 19, 2022. Plaintiff appears through William H. Meyer. Defendants Annette Evon Jeter Sipple and Gary Sipple appear pro se.

No party appears before the Court to argue the Motion to Compel Arbitration, and no appearance is needed. After careful consideration of the motion and supporting documents, and being fully apprised on the premises, defendant's motion is DENIED.

Plaintiff MidFirst Bank filed a Petition in foreclosure on March 28, 2022. (Ct. file, Pet..) No Answer has been filed by the Sipple defendants. The Petition alleges the following facts, which are not in dispute:

1. Annette E. Jeter Sipple made and delivered a promissory note (the "Note") to Home Savings of America, in exchange for good and valuable consideration, in the principal sum of $142,226.00, together with interest.

2. To secure repayment of the Note, on March 10, 2009, Annette E. Jeter Sipple and Gary J. Sipple made and delivered a Mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Home Savings of America, its successors and assigns, on the real property legally described as LOT 10, BLOCK A, WEST INDIAN HILLS SUBDIVISION NO. 2, IN SHAWNEE COUNTY, KANSAS, more commonly known as 2508 SW Stutley Ct., Topeka, KS 66614.

3. The Mortgage was recorded on March 11, 2009, in Book No. 4680, at Page 74, in the office of the Register of Deeds of Shawnee County, Kansas.

4. The parties entered into a Loan Modification Agreement, which became effective on February 28, 2013, and changed the payment terms.

5. The Monthly installment payments were not made by the Sipples as they became due, commencing with the installment payment due on December 1, 2019, and continuing thereafter.

6. Less than one-third of the original indebtedness secured by the Mortgage has been paid as the original indebtedness was $142,226.00, and the current unpaid principle balance due and owing is $119,336.44.

Defendants Annette Evon Jeter Sipple and Gary Sipple proceed pro se and have filed several documents that appear to argue no one has any authority to act against them. After review, this Court finds defendants' assertions to be without any legal merit.

The Sipple's admit they signed the mortgage contract March 10, 2009; they state they signed it "blindly," but defendants state over the years they have educated themselves to the law. (Def.'s Mot.) Defendants argue that the attorneys who were hired by the Corporation to foreclose on their property are "guilty of Treason per the 13th Amendment, as well as the Popes [sic] letter of July 2014." The contentions that the attorneys are unauthorized to practice and are guilty of treason because they filed a foreclosure action on defendants' property are baseless. The Thirteenth Amendment does not provide any support for defendants' assertions.[1]

Defendants also appear to contend that their Motion to Compel Arbitration serves as a contract provision that says any dispute may be resolved by binding Arbitration. The problem with this argument is that the Motion is not part of parties' note or mortgage contract. Defendants' motion does not serve as evidence that plaintiff agreed to binding arbitration; it is simply a motion. For that reason, this argument also fails.

Defendants also filed an Affidavit of Truth with exhibits, all of which the Court has examined in detail. After careful review of the documents filed by the defendants, nothing shows plaintiff lacks authority to bring this mortgage foreclosure action against these defendants.

The Court observes that plaintiff MidFirst Bank has the right to bring its foreclosure action in district court by virtue of Kansas statute and its status as a secured party. Under K.S.A. 60-1006, a secured party may bring an action in the district court to reduce an indebtedness to a money judgment and to foreclose the security interest in specific personal property given to secure such indebtedness. Elements necessary to grant summary judgment in a mortgage foreclosure action

---

[1] The Pope's letter was not included with the motion. Even if it had been, this Court is obligated to follow secular law.

3

include undisputed evidence that: (1) defendant signed a promissory note secured by a mortgage; (2) plaintiff is the valid holder of the note and the mortgage; and, (3) defendant has defaulted on the note. *Bank of Am. NA v. Inda*, 48 Kan. App. 2d 658, 664, 303 P3d 696 (2013).

According to the Petition, defendants have failed to make their monthly mortgage installment payments since December 1, 2019. Defendants do not claim they made their monthly payments and that they are not in default. Instead of facing responsibility for non-payment, defendants create baseless theories about every person whose name appears in the court file in attempt to make the foreclosure lawsuit go away. While this Court is sympathetic, this behavior is irresponsible and unacceptable.

For all the reasons stated above, defendants' Motion to Compel Arbitration filed on September 19, 2022, is DENIED.

**This Memorandum Decision and Order shall constitute the Court's entry of judgment when filed with the Clerk of this Court. No further journal entry is required.**

**This Order is effective on the date and time shown on the electronic file stamp.**

**IT IS SO ORDERED.**

HON. MARY E. CHRISTOPHER
DISTRICT COURT JUDGE

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically on the date stamped on the order, with a copy sent via U.S. Mail to any *pro se* party, providing notice to the following:

William H. Meyer
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 (Fax)
William.Meyer@Southlaw.com
*Attorneys for Plaintiff*

Annette E. Jeter Sipple
P.O. Box 67711
Topeka, KS 66667
*Pro Se Defendant*

Gary J. Sipple
2508 SW Stutley Ct.
Topeka, KS 66614
*Pro Se Defendant*

State of Kansas Department of Children & Families
Kansas Attorney General
120 S.W. 10th Street, 2nd Fl.
Topeka, KS 66612
*Pro Se Defendant*

Annette Evon Jeter Trust, a Charitable Trust
P.O. Box 67711
Topeka, KS 66667
*Pro Se Defendant*

Annette Jeter Sipple, as Trustee of the Annette Evon Trust
2508 SW Stutley Ct.
Topeka, KS 66614-4767
*Pro Se Defendant*

/s/ Vicky Haynes
Division 8 Administrative Assistant

5