## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIDFIRST BANK, | |
| *Plaintiff,* | |
| vs. | Case No. 23-CV-4013-EFM |
| ANNETTE E. JETER-SIPPLE and GARY SIPPLE, | |
| *Defendants.* | |

## MEMORANDUM AND ORDER

Plaintiff MidFirst Bank originally filed this residential foreclosure action against Defendants Annette Jeter-Sipple and Gary Sipple in Kansas state court.  After a foreclosure judgment was entered against them, Defendants filed a Notice of Removal in this Court.  Plaintiff now moves to remand the matter back to state court to finalize the foreclosure.  Because Defendants' Notice of Removal is untimely and because they fail to establish that this Court has jurisdiction, the Court grants Plaintiff's Motion (Doc. 5) and orders the matter remanded to the state court.



EXHIBIT
G

## I.    Factual and Procedural Background

Plaintiff filed this action in March 2022 in the District Court of Shawnee County, Kansas. Plaintiff, as the assignee of the mortgage, sought to foreclose on Defendants' residential mortgage because they had failed to make payments on the mortgage since November 2019.

Defendants were served with the state court petition on May 6, 2022. Within a week, they had filed a document entitled "Defendant's Notice of Filing Notice of Removal." Therein, Defendants informed opposing counsel and the Court that they had filed a Notice of Removal in the "United States District Court for the Northern District of Kansas."[1] Assuming Defendants meant to reference this Court, they were incorrect. No Notice of Removal was filed in this Court in May 2022. To be sure, the document contained an attachment purporting to be the Notice of Removal filed in this Court. But no such Notice was filed at that time.

The litigation proceeded in state court. Ultimately, the court granted summary judgment to Plaintiff on January 23, 2023. The court noted that Defendants had filed a purported Notice of Removal but had never actually filed anything in federal court. The court concluded that the removal notice was a legal nullity and in no way divested it of jurisdiction to hear and decide the case.

Defendants finally filed their Notice of Removal in this Court several weeks after judgment was entered against them. They used the stock form for a civil complaint located on the Court's website and attempted to add claims under the United States Constitution and several federal statutes against Plaintiff's attorneys and the judges presiding over the state court case. They also

---

[1] The astute observer of the federal judiciary will note that there is no such district.

identified themselves as citizens of Kansas and identified Defendant as an Oklahoma corporation. Plaintiff responded with the instant Motion to Remand.

## II. Legal Standard

A civil case filed in state court is removable if that action could have originally been brought in federal court.[2] An action could have originally been brought in federal court only if the matter falls within the limited jurisdiction of federal courts.[3] Congress has limited the jurisdiction of federal courts to two general types of cases: those that "arise under" federal law;[4] and those in which the amount in controversy is in excess of $75,000, and the citizenship of the parties is completely diverse.[5] A federal court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[6]

The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[7] The party invoking federal jurisdiction bears the burden of establishing it by a preponderance of the evidence.[8]

Defendants appear pro se. The Court therefore construes their filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[9] But the Court does

---

[2] 28 U.S.C. § 1441(a).

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332(a); *see also Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (noting that "each plaintiff must be diverse from each defendant to have what is known as complete diversity.").

[6] 28 U.S.C. § 1447(c).

[7] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[8] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

not act as their advocate.[10]  And Defendants, though proceeding pro se, remain bound by "the same rules of procedure that govern other litigants."[11]

### III.   Analysis

Plaintiff's Motion raises two arguments for remand.  First, Plaintiff points out that there is no basis for federal jurisdiction.  And second, Plaintiff notes that Defendants' Notice of Removal comes some nine months after the statutory deadline to remove.  The Court examines each in turn.

### A.   Defendants fail to establish any basis for original federal jurisdiction.

Defendants bear the burden of establishing that the removed matter is one within the Court's jurisdiction.  They attempt to do so both by invoking federal question and diversity jurisdiction.

As to federal question jurisdiction, Defendants' response to Plaintiff's Motion broadly declares that they are "Federally Protected Consumers" and then cites a panoply of federal statutes that they believe are applicable to the instant dispute.  Defendants also accuse Plaintiff, and Plaintiff's attorneys, of violating their rights under the United States Constitution.  Their removal papers likewise cite a number of federal statutory and Constitutional provisions as the basis for original federal jurisdiction.

This is insufficient to establish federal question jurisdiction.  The Court confines its inquiry to whether Plaintiff's "well-pleaded complaint" raises a federal question on its face.[12]  Plaintiff's state court petition did not raise a federal question; rather, it merely sought foreclosure on Defendants' residential mortgage.  And Defendants attempts to raise defenses or counterclaims

---

[10] *Id.*

[11] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[12] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

under federal statutes or the Constitution "are irrelevant to the jurisdictional inquiry."[13] Defendants have failed to establish that federal question jurisdiction supports their attempted removal.

Defendants attempt to establish diversity jurisdiction in several ways.  In their removal papers, Defendants identify themselves as citizens of Kansas and claim that Plaintiff is a corporation incorporated under the laws of Oklahoma, ostensibly showing complete diversity.[14] This presentation, however, implicates the forum-defendant rule.  The federal removal statute provides that a civil action otherwise removable on the basis of diversity jurisdiction may not be removed if any of the defendants are a citizen of the forum state.[15] If Defendants, as they say in their removal papers, are citizens of Kansas, the forum-defendant rule bars them from removing the action on the basis of diversity jurisdiction.

Defendants' response to the instant Motion also claims that Defendants are members of the Washitaw Nation, and therefore federal jurisdiction is appropriate.[16] The Washitaw Nation is not a recognized Indian tribe.[17]  Rather, it appears to be an offshoot of the sovereign citizen

---

[13] *Towd Point Mortg. Tr. 2019-3, U.S. Bank Nat'l Ass'n v. Mead*, 2022 WL 268062, at *1 (D. Kan. 2022) (citing *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012)).

[14] The Court notes that, because Defendants filed for removal using a stock civil complaint, the document actually refers to Plaintiff as a citizen of Kansas and Defendant as an Oklahoma corporation.  But context makes clear that Defendants are referring to themselves as the plaintiffs in this document.

[15] 28 U.S.C. § 1441(b)(2); *see also City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017).

[16] Defendants cite *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), for this proposition. But *McGirt* had nothing to say about the determination of an American Indian's citizenship for the purposes of diversity jurisdiction.

[17] *See, e.g., Sanders-Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008) ("The Washitaw Nation, however, is not recognized by the United States Government."); *Bey v. Louisiana*, 2008 WL 4072747, at *1 (W.D. La. 2008) ("The court is not aware of any law or treaty of the United States, from which this court derives its jurisdiction, that recognizes the Washitaw or grants this court any authority to declare the Washitaw's citizens or the location of its capital."); *Bybee v. City of Paducah*, 46 F. App'x 735, 736 (6th Cir. 2002) (noting that the plaintiff's "operator's license, vehicle registration, and car tag were issued by the *fictional* 'Nation of Washitaw.' ") (emphasis added).

movement.[18]  Defendants make no argument to the contrary.  The Court finds their attempt to establish jurisdiction on this basis dishonest at best and concludes there is no basis for diversity jurisdiction.[19]

**B.    Defendants' Notice of Removal is untimely.**

A defendant must remove an action "within 30 days of receiving any document indicating that the case is, or has become, removable."[20]  To effectuate removal, a defendant must first "file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."[21]  Promptly after this filing, the defendant is required to file a notice in state court and notify adverse parties.[22]

Defendants' first attempt at removal missed one of these steps.  Though they attempted to remove within 30 days of service and notified the state court and Plaintiff, they failed to file a notice of removal in this Court as required by the federal removal statute.  Thus, their attempted removal was ineffectual.  The state court correctly noted that this attempt was a "legal nullity" and did not deprive it of jurisdiction to hear and decide the matter.

Defendants' second attempt at removal came after the state court had granted summary judgment to Plaintiff.  This attempt, however, came far too late.  They had 30 days to remove once

---

[18] *See* Mellie Ligon, *The Sovereign Citizen Movement: A Comparative Analysis with Similar Foreign Movements and Takeaways for the United States Judicial System*, 35 Emory Int'l L. Rev. 297, 302 (2021) (identifying the Washitaw Nation as a sovereign citizen group).

[19] Even if the Defendants' claimed membership in the fictional Washitaw Nation were not a meager attempt to manufacture diversity jurisdiction, it would fail nonetheless.  Other courts have found that "an Indian who is a citizen of the United States and resides within a state is considered a citizen of that state for purposes of diversity jurisdiction." *See, e.g.*, *Superior Oil Co. v. Merritt*, 619 F. Supp. 526, 531 (D. Utah 1985).  Thus, Defendants residence in Kansas would be conclusive regardless.

[20] *Towd Point*, 2022 WL 268062, at *1 (citing 28 U.S.C. § 1446(b)).

[21] 28 U.S.C. § 1446(a).

[22] *Id.* § 1446(d).

they "received a 'paper from which it [could] first be ascertained' that the case was removable—in this case, the original petition."[23]  Defendants had first received a copy of Plaintiff's petition in early May 2022, and their second attempted removal came in February 2023.  This far exceeds the 30-day time limit.  Defendants attempt to explain the delay by stating they "still haven't gotten" Plaintiff's "courtroom pleadings, filings, or Motions."  This is a weak and dishonest attempt to excuse their failure to comply with the deadline, as they *responded* to the original state court petition by filing their first, ineffectual notice of removal.  Obviously then, Defendants must first have received the petition.

Defendants twice failed to comply with the statutory requirements for removal.  Their attempted removals were thus "defective," and remand is warranted.[24]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (Doc. 5) is **GRANTED.**  This case will be remanded to the District Court of Shawnee County, Kansas.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2023.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[23] *Towd Point*, 2022 WL 268062, at *3 (quoting *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077–78 (10th Cir. 1999)).

[24] *Huffman*, 194 F.3d at 1077 ("The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand.") (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).