IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY SIPPLE, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case. No. 23-cv-04038-HLT-RES |
| | ) |
| MICHAEL ZEVITZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

In accordance with D. Kan. Rule 7.1(a), Defendants Hon. Teresa L. Watson and Hon. Mary Christopher ("Defendant State Judges") submit this memorandum in support of their motion under Fed. R. Civ. P. 12(b)(1) and (b)(6). They respectfully request that this motion be granted and this action be dismissed.

**NATURE OF THE CASE**

Plaintiffs Gary Sipple and Annette Jeter-Sipple ("the Sipples") were defendants in a mortgage foreclosure lawsuit. (*See* Doc. 7-3 at 1). After the state court issued a summary judgment against the Sipples on January 23, 2023, they filed a Notice of Removal in this Court (Case No. 5:23-CV-04013-EFM-RES), attempting to assert claims against Defendants Hon. Teresa L. Watson, Division 3, Shawnee County District Court Judge; and Hon. Mary Christopher, Division 8, Shawnee County District Court Judge; Shawnee County Clerk, Cyndi Beck; and the attorneys at MidFirst Bank. The attempted Removal alleged claims against the same Defendants listed in the current Complaint. The attempted Removal was unsuccessful.[1]

---

[1] *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). (Judicial notice of court documents in related proceedings.)

## STATEMENT OF FACTS

1. Hon. Mary Christopher entered a judgment of mortgage foreclosure on Jan. 12, 2023. (Doc. 7-3 at 1). Hon. Teresa L. Watson denied the Sipples' motion to dismiss the mortgage foreclosure on February 6, 2023. (Doc 7-5 at 2).

2. The Sipples filed this lawsuit on May 18, 2023, suing Defendants for money damages in their individual and official capacities. (Doc. 1 at 1).

3. The Sipples' address listed on the docket is in Topeka, Kansas.

4. The Sipples claim that a process server "trespassed" on their property while serving a "forged" mortgage foreclosure summons, but do not allege specific facts regarding fraud, forced entry, or misconduct by Defendant State Judges. (Doc. 1 at 3) (*See* Doc. 7-3 at 2).

5. The Sipples specify the actions of an individual who is not a party to this claim – a process server named "Brian Doles" (Doc. 1 at 3) – but do not present evidence of any unlawful actions of Defendant State Judges.

6. The Sipples allege that Defendants collectively participated in unlawful activity, but do not allege any judicial misconduct by Defendant State Judges and do not describe them taking any action, when any action was taken, or how it was unlawful.

7. The Sipples bring several state claims related to the execution of the foreclosure including trespassing, invasion of privacy, forgery, identity theft, receiving stolen property, and intentional interference.

8. The Sipples mention a myriad of federal claims in their Complaint and make conclusory statements, but offer no factual allegations to support the claims alleged. (Doc. 1 at 1).

9. The Sipples include The Privacy Act, or Freedom of Information Act (FOIA), 5 U.S.C.A. § 552a, but fail to provide facts that apply to these statutory protections. (Doc. 1 at 4).

10. The Sipples appear to allege, presumably under 42 U.S.C. § 1983, interference with the freedom of exercise of religion, but state no facts indicating religious conduct was interfered with. (Doc. 1 at 1).

11. The Sipples make mention of intention infliction of emotional distress, but fail to present facts or evidence indicating extreme or outrageous conduct. (Doc. 1 at 4).

The Sipples' claims should be dismissed because of lack of subject-matter jurisdiction due to Eleventh Amendment and judicial immunity, the Rooker-Feldman Doctrine, the Younger Abstention Doctrine, lack of a private right of action for criminal claims, and failure to properly bring claims under the Privacy Act and §1983. Alternatively, the federal claims should be dismissed for failure to state a claim for lack of personal participation and failure to allege specific religious beliefs. The Court should also decline supplemental jurisdiction over the state claims due to lack of a sufficient federal claim and lack of a nexus between the federal and state claims. Alternatively, this court should dismiss the Sipples' state claims due to failure to state a claim.

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint. *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). Since federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the

3

burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

An action can only be brought in federal court if it calls within the limited jurisdiction of federal courts, or "federal question" jurisdiction. *Id.* There are two types of cases that have federal court jurisdiction: those that "arise under" federal law, and those that have diverse citizenship of the parties and exceed $75,000 in controversy.[2] The presence of a federal statute in a complaint, or a federal issue within a state cause of action does not make it a federal question. *See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234, 92 L. Ed. 2d 650 (1986)*

"A court lacking jurisdiction cannot render judgment, but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

---

[2] 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart,* 39 F.3d at 1111 (10th Cir. 1994)

4

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). A *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

### I. The Sipples failed to show subject matter jurisdiction exists for their claims.

The Sipples, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. Here, no diversity jurisdiction exists because the Sipples and Defendants are citizens of the same state and complete diversity of citizenship does not exist.[3] *See* Doc. 7-7 at 5. *Id*. There's no federal question jurisdiction despite the mere inclusion of federal statutes because of Eleventh Amendment and judicial immunity, the Rooker-Feldman Doctrine, the Younger Abstention Doctrine, lack of a private right of action for criminal claims, and failure to properly bring claims under the Privacy Act and §1983.

### A. The Eleventh Amendment bars the Sipples' claims against Defendant State Judges in their official capacities for monetary damages.

Judicial defendants are not proper parties to this suit due to Eleventh Amendment sovereign immunity protections. Once effectively asserted, Eleventh Amendment immunity bars the exercise of federal subject matter jurisdiction. *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). "This immunity extends to arms of the state and to state officials who are sued . . . in their official capacity." *Id.* Defendant State Judges are state officials being sued in their official capacities for money damages.[4]. Since they are state officials, they share the

---

[3] Diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be "complete diversity between all plaintiffs and all defendants." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005)).

[4] *See* Doc. 1 at 4-6, 10, the Sipples ask for money damages for "all Defendants".

state's immunity from suits against them in their official capacities for monetary relief. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). Due to 11th Amendment immunity, this court lacks federal subject matter jurisdiction over claims for damages against Defendant State Judges.

### B. Judicial Immunity bars suit against Defendant State Judges.

Here, Defendant Judges are absolutely immune from suit due to judicial immunity. "A judge is generally immune from a suit for money damages, except where the challenged actions are non-judicial or are "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Even if the Sipples, by adding Defendant State Judges to the suit, are attempting to allege they either participated in or caused injuries, the Sipples neither allege nor challenge any non-judicial actions.

Even if the Sipples could state a plausible claim, the claims asserted against Defendant State Judges are precluded by the doctrines of sovereign and judicial immunity. *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (unpublished) ("Even if [Plaintiff] could state an arguable claim, the court found that [the Judge] would be entitled to absolute judicial immunity from liability for money damages.") Judicial immunity protects Defendant State Judges from this suit.

### C. The Rooker-Feldman Doctrine prevents the Sipples from making claims to invalidate the foreclosure judgment.

Although the Sipples assert several causes of action and seek money damages, the crux of this action is to challenge the foreclosure action, which not a federal issue. The Sipples lost the foreclosure matter in state court and they appear to attribute responsibility to Defendant State Judges for damages. The Sipples are essentially seeking appellate review of an unfavorable state court judgment in this Court, which the Rooker-Feldman Doctrine prohibits. *Blake v. Hong*, No.

6

22-1110, 2023 WL 382928, at *2 (10th Cir. Jan. 25, 2023). To the extent the Sipples' claims are based on the validity of the underlying remand order, or the foreclosure judgment, the Rooker-Feldman Doctrine bars those claims.

### D. The Younger Abstention Doctrine prevents the Sipples from making claims that interfere with ongoing judicial proceedings.

A court must abstain from hearing a matter under *Younger* when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1138 (D. Colo. 2019). Here, there is an ongoing state mortgage foreclosure matter involving the Sipples and other Defendants in this case. The Sipples have an adequate state court forum to bring the claims raised in their Complaint, many of which involve state interests.

### E. The Sipples' 18 U.S.C. § 241 conspiracy claim should be dismissed due to lack of subject matter jurisdiction because they allege a violation of a criminal statute in a civil action.

The Sipples' Complaint alleges Defendant State Judges part of a conspiracy, "Conspiracy to commit 18 U.S.C. § 241" (*See* Doc. 1 at 3). They allege violation of a criminal statute in a civil action. No private right of action exists in criminal claims. *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415–16, 2003 WL 21386338 (10th Cir. June 17, 2003).

### F. The Sipples' Privacy Act Claims are barred due to lack of subject matter jurisdiction and failure to state a claim.

The Sipples allege that a process server placed a "document", or summons on their property. Even if Defendant Judges were not protected by immunity under both the Eleventh Amendment and judicial immunity and excluding the fact that the process server was

7

administering a court order, if the facts in the current Complaint are taken as true, the Privacy Act claims brought under 5 U.S.C. §552a would fail due to lack of subject matter jurisdiction and failure to state a claim.

### 1. Lack of Subject Matter Jurisdiction for Privacy Act Claim

The Privacy Act, also known as, the Freedom of Information Act (FOIA), 5 U.S.C, provides that an individual has a right of access to federal agency records about him or her and requires federal agencies to make such records available to the individuals seeking access.[5] By including this law in their Complaint with verbiage like "forged title" and "theft by deception" (Doc 1 at 3), the Sipples appear to allege that Defendant State Judges violated 5 U.S.C.A. § 552a (g)(i) which provides civil action against federal agencies that fail to accurately maintain records, fail to allow a review of records, refuse to comply with requests for a record, refuse to amend a record upon valid request, or refuse to comply with any other provisions, causing an adverse effect on the individual. However, Section 551(1), which applies to the FOIA, defines an agency under the Act, as "each authority of the Government of the United States." Here, the Sipples are suing Defendant State Judges, who are not federal officials. No listed Defendants are federal agencies. The statute does not provide relief against any Defendants listed in this case. Including this Act does not provide a basis for subject matter jurisdiction.[6]

### 2. Failure to State the Privacy Act Claim

Even if Defendant State Judges were federal agencies or officials, the Sipples' fail to state a plausible claim in their Complaint. The facts at issue do not provide for any instance of lack of

---

[5] *Lacey v. Cornelius*, No. 22-CV-00557-LTB-GPG, 2022 WL 3099216, at *2 (D. Colo. May 25, 2022); *See also*, *Brown v. Perez*, 835 F.3d 1223, 1229 (10th Cir. 2016), *as amended on reh'g* (Nov. 8, 2016)

[6] 28 U.S.C. § 1331; *See Id.*

notice or lack of disclosure of records. Even if "respondeat superior" applied here and Defendant State Judges directed the process server to place a foreclosure summons on their door, "without their permission", the Sipples provide no evidence of misconduct. Process servers do not need permission to provide summons as that is what they are employed to do. Service of process effectuates notice of a petition to foreclosure. The Sipples provide no facts to substantiate their claim for violation of FOIA and fail to state a claim for which any relief can be granted.

### G.  The Sipples' 42 U.S.C. 1983 trespass claim fails for lack of subject matter jurisdiction.

To the extent the Sipples purport to bring a Fourth Amendment claim under § 1983, their claim should be dismissed due to lack of subject matter jurisdiction. The Sipples allege that "all Defendants" are liable for trespass. (*See* Doc. 1 at 3) Here, the Sipples do not identify a federal right that Defendant State Judges violated nor allege facts showing instances when they acted under color of state law. *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003). They allege, although not directly against any listed Defendant, that serving the foreclosure summons at the door of their property was a trespass. However, Section 1983 claims redress violations of rights protected by federal law, not violations of duties of care arising out of tort law.[7] The Sipples' allegations are insufficient, as a matter of law, to support a claim for violation of their Fourth Amendment Rights and their § 1983 claim does not support the district court's exercise of federal jurisdiction over this suit. *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003).

### II.  <u>The Sipples failed to state any plausible federal claims for relief.</u>

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

---

[7] *See Pioneer Nat. Res. Co. v. Gatza*, No. 05-CV-02434-CBS, 2006 WL 1547310, at *5 (D. Colo. June 2, 2006) (citing *Kelly v. Bencheck,* 921 F.Supp. 1465, 1469 (E.D.N.C.1996) ("Trespass, while actionable under state law, does not in and of itself constitute a constitutional violation, ... )

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*, (citing *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Here, the Sipples allege several legal conclusions based on conclusory allegations about how a court-ordered foreclosure was administered.[8] The Sipples simply throw in elements of claim and include facts in their Complaint that might parallel with law without stating how Defendant State Judges allegedly unlawfully caused their harm.

This law suit should be dismissed because the Complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The facts the Sipples have alleged focus on the administration of a foreclosure, which they felt expressed an "ulterior motive" (Doc. 1 at 3). They allege that service of process constituted an alleged trespass. The Defendant State Judges were performing judicial functions by hearing and making orders in a mortgage foreclosure case that the parties had a duty to honor. The Sipples' Complaint alleges no facts regarding how the service was performed in an "unreasonable manner." Their claims should be dismissed because of failure to state a claim.

### A. Defendant State Judges are entitled to dismissal of the Sipples' § 1983 claims because the Sipples fail to state the requisite personal participation of Defendant State Judges.

"Liability under § 1983 essentially requires personal participation in the unlawful acts." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005). "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Rather, plaintiffs must show an "affirmative link"

---

[8] When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

between a defendant's actions and their alleged constitutional injury. *Schneider*, 717 F.3d at 767. To establish the affirmative link, plaintiffs must show: (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind. *Id.*

Here, Defendant State Judges cannot be liable under the Sipples' claims because they failed to show how Defendant State Judges were personally involved in their alleged injury or that any alleged injury occurred. Aside from being named in the caption and generically under the section entitled "Parties" (Doc. 1 at 2), Defendant State Judges are not mentioned anywhere else in the Complaint. The Sipples only state a list of the parties and appear to indicate that they are suing each Defendant in their individual and official capacities. i.e. "Defendant Teresa L. Watson a woman: acting judge for KANSAS". The only individual whose specific actions are mentioned is Brian Doles, "Process Server Brian Doles" (*See* Doc. 1 at 3), who has not been named a party to the Complaint. The Sipples do not allege that Defendant State Judges acted at all, much less acted in a way that caused any alleged injury, or with a culpable state of mind. Therefore, the Sipples fail to state a claim against Defendant State Judges because they fail to state that Defendant State Judges personally participated in their alleged injury.

**B. The Sipples' claim for interference with free exercise of religion should be dismissed because their Complaint lacks any facts alleging attempted religious action.**

The Sipples attempt to bring a Free Exercise of the First Amendment (§1983) claim alleging an interference with the free exercise of religion. Section 1983 precludes governmental regulation of religious beliefs by persons acting under color of state law. *Mount St. Scholastica, Inc. v. City of Atchison, Kansas*, 482 F. Supp. 2d 1281, 1291 (D. Kan. 2007). A plaintiff must identify the rights or interests that defendants allegedly violated. *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

Here, the Sipples' Complaint simply mentions the words "interference with the exercise of religion" without indicating any facts alleging the presence of any religious beliefs, or that any religious action was taken or interfered with (*See* Doc. 1 at 4). The Sipples' §1983 interference with free exercise of religion claim should be dismissed for failure to state a claim.

**III. This Court should decline supplemental jurisdiction or alternatively dismiss the state claims due to failure to state a claim.**

"Pendent [Supplemental] jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution…' U.S. Const., Art. III, s 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966). As mentioned, the federal claims presented here have no substance sufficient to confer subject matter jurisdiction on the court and the state and federal claims are not derived from a "common nucleus of operative fact". *Id.* Even if the claims were so related that they would ordinarily be tried in one proceeding, a court should not exercise supplemental jurisdiction as a matter of a plaintiff's right. *Id. (*citing *Massachusetts Universalist Convention v. Hildreth & Rogers Co.*, 183 F.2d 497 (C.A.1st Cir. 1950)).

Here, the Sipples could not establish federal question jurisdiction to remove this case into federal court. (*See* Doc. 7-7 at 1). The crux of this case is a foreclosure matter and no federal question exists. The Sipples are attempting to use federal question jurisdiction that does not exist here, so this Court should decline supplemental jurisdiction over their state claims. Alternatively, they fail to state a claim.

**A. The Court should dismiss the Sipples' trespass claim due to lack of evidence showing the process server acted unreasonably.**

Under the state claim for trespass, there is a privilege defined in Section 208 of

Restatement (Second) of Torts that permits a process server to enter another's land to execute a facially legitimate civil process, but prohibits forcible entry to do so. *Baker v. Hayden*, 459 P.3d 834 (Kan. Ct. App. 2020). The process server was permitted to attempt service of the foreclosure petition on the Sipples' property. Not only does the Sipples' Complaint not specify how Defendant State Judges allegedly trespassed on to their property, it also does not provide any allegations or evidence that the process server forced entry or acted unreasonably. Therefore, the Court should dismiss for failure to state a claim.

> **B. The Sipples' invasion of privacy claim should be dismissed because they fail to show the presence of physical intrusion by Defendant State Judges.**

The Sipples' Complaint alleges that Defendant State Judges invaded their privacy rights when the process server served them notice of their mortgage foreclosure, which they alleged is trespass. (Doc. 1 at 4). As mentioned above, the state claim for trespass should be dismissed because serving civil process is an exception. Section 652 of the Restatement says to state a claim for invasion of privacy, plaintiffs must allege a "physical intrusion into a place the plaintiff has secluded himself". This claim should be dismissed for failure to state a claim because the Sipples have not shown Defendant State Judges physically intruded into a place of seclusion, forcefully entered onto their property, or entered their property in an unreasonable manner

> **C. The Court should dismiss Sipples' IIED claim because the Sipples do not present any facts proving intentional or reckless, extreme and outrageous conduct by Defendant State Judges.**

In an Intentional Infliction of Emotional Distress (IIED) claim, liability arises when a person engages in extreme and outrageous conduct thereby intentionally or recklessly causing plaintiffs severe emotional distress to plaintiffs. *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1273 (D. Kan. 2003), *aff'd*, 145 F. App'x 238 (10th Cir. 2005). To prevail on an IIED claim, plaintiffs must prove intentional or reckless, extreme and outrageous conduct, that created

a causal connection to plaintiff's extreme and severe mental distress. *Id.*

Here, the Sipples' Complaint provides no facts to be reasonably regarded as so extreme and outrageous as to permit recovery. They presumably allege that the process server, by placing the foreclosure petition on their door, substantially caused them "emotional and mental breakdowns" (*See* Doc. At 3). There are no facts alleging that Defendant State Judges' outrageous actions or state of mind, or supporting the Sipples' alleged extreme mental distress, much less a causal connection between the Defendant State Judge's alleged actions and the Sipples' alleged extreme mental distress. The Complaint only states legal conclusions without supporting facts. The Sipples' claim for IIED should be dismissed for failure to state a claim.

**D. The Sipples' forgery and identity theft claims should be dismissed because they fail to state their claims with particularity or present evidence showing Def. State Judges allegedly unlawfully retrieved or misused their identities.**

The Sipples allege that all Defendants forged a document or "used a false instrument purported to be a dispossessory affidavit" (*See* Doc. 1 at 5). Forgery is a criminal act for which the Sipples cannot obtain relief through the civil justice system in Kansas. *See Nevin v. Hoffman,* 431 F.2d 43, 49 (10th Cir.1970). The Sipples also allege "Defendants knowingly uses Plaintiffs name [and mailing address] claiming to act on behalf of [another]. (*See* Doc. 1 at 5). Presuming this language indicates a fraud claim, they must allege the circumstances surrounding the fraud with particularity, and their Complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Here, The Sipples fail to describe any alleged fraud with particularity, or any of Defendant State Judges' alleged false statements. The Complaint simply alleges "all Defendants". Additionally, if by "dispossessory affidavit" the Sipples are referring to the

14

summons, they do not provide any evidence of forgery. (*See* Doc. 1 at 5) The Sipples also fail to allege how Defendant State Judges unlawfully retrieved and misused their identities. Due to the Sipples' failure to plausibly allege a claim of fraud, their claims should be dismissed for failure to state a claim.

  **E. The Sipples' "receiving stolen property" should be dismissed since service of process, absent misconduct, is not a civil cause of action.**

The Sipples allege "Defendants know it [right to title/access] was stolen because they didn't receive the keys to the property..." (Doc. 1 at 5) and appear to describe service of the mortgage foreclosure petition. They also appear to allege a claim adjacent to a repealed criminal law, K.S.A. 21-3701(d). As discussed, private actors cannot bring criminal claims and service of process, absent misconduct, is not a crime or a civil cause of action subject to liability. The Court should dismiss for failure to state a claim.

  **F. The Sipples' intentional interference claim should be dismissed since they are not under contract with Defendant State Judges**

The Sipples allege that "Defendants intentionally used their… positions to interfere with … peaceable enjoyment…" (Doc. 1 at 6). They also cite a Massachusetts Supreme Court case involving interference with a contract. Here, the Sipples could not establish any prima facie case that Defendant State Judges were under any contract with them, nor did they induce any third party to break a contract. They do not include any facts connecting Defendant State Judges to unlawful activity, but simply draw conclusions that do not corroborate with any facts stated in their Complaint. The Court should dismiss for failure to state a claim.

## CONCLUSION

For the above reasons, the Defendant State Judges request that the Court dismiss the Sipples' claims.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Milesha N. Segun*
Milesha N. Segun, KS No. 28290
Assistant Attorney General
Shon D. Qualseth, KS S Ct. #18369
First Asst. Attorney General/Sr. Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
shon.qualseth@ag.ks.gov
milesha.segun@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for the Defendant State Judges*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

William H. Meyer
SouthLaw, PC – OP
13160 Foster, Suite 100
Overland Park, KS 66213
william.meyer@southlaw.com
*Attorney for Defendants Zevitz and Meyer*

Jonathan C. Brzon
Shawnee County Counselor's Office
707 SE Quincy Street, Room 310
Topeka, KS 66603
jonathan.brzon@snco.us
*Attorney for Defendant Beck*

I also certify that a copy of the above will be served on the 27th day of June, 2023, by means of first-class mail, postage prepaid, addressed to:

Annette Jeter – Sipple
2508 SW Stutley Ct.
Topeka, KS 66614-4767
First Class U.S. Mail
*Plaintiff, pro se*

16

Gary Sipple
P.O. Box 67711
Topeka, KS 6667
First Class U.S. Mail
*Plaintiff, pro se*

                                        */s/ Milesha N. Segun*
                                        Milesha N. Segun
                                        Assistant Attorney General