IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ANNETTE JETER-SIPPLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-4038-HLT-RES |
| ) | |
| MICHAEL L. ZEVITZ, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ZEVITZ'S AND MEYER'S
RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE MOTION TO DISMISS**

COMES NOW Defendants Michael Zevitz and William Meyer ("Defendant Lawyers") and, for their Response to Plaintiffs' Motion to Strike (Doc. 30) and Memorandum in Support (Doc. 31), state:

1. Plaintiffs' Motion to Strike Defendant Lawyers' Motion to Dismiss (and Plaintiffs' Memorandum in Support) is legally deficient because Rule 12(f) only allows the Court to strike "pleadings" – not motions. For that reason alone, Plaintiff's Motion to Strike must be denied.

2. However, on a more pragmatic level, Plaintiffs' Motion and Memorandum are nothing more than ***more*** untethered sovereign citizen inspired rants from state court litigants who are improperly using this Court to appeal from a state court foreclosure judgment and to interfere with an ongoing state court foreclosure process- violating the *Rooker Feldman* and *Younger* doctrines.

3. Recognizing the abusiveness of Plaintiffs' relentless filings in state court, the state court has entered an order relieving the Defendant Lawyer's client from being required to further respond to Plaintiff's unending train of frivolous filings. See **Exhibit A** (State Court Ruling on Plaintiffs' State Court Filings).

1

4. Because Plaintiffs sovereign citizen inspired filings in this case are similarly abusive, the Defendant Lawyers request that the Court enter a similar order that relieves them of their obligation to respond to any further filings made by Plaintiffs in this case (unless, of course, the Court determines that an issue has been raised that merits further briefing).

WHEREFORE Defendants Michael Zevitz and William Meyer respectfully requests the Court's order denying Plaintiffs' Motion to Strike and Memorandum in Support, that the Court order that defendants are no longer required to respond to future filings made by Plaintiffs (unless directed to respond by the Court), and for such other relief as the Court deems just.

Respectfully submitted by,

SOUTHLAW, P.C.

/s/   William H. Meyer
William H. Meyer    KS 18142
13160 Foster Street, Suite 100
Overland Park, Kansas 662213
(913) 663-7639
William.Meyer@SouthLaw.com
Counsel for Defendants Zevitz and Meyer

## CERTIFICATE OF SERVICE

We certify that a copy of Defendants Response to Plaintiff's Motion to Strike the Motion to Dismiss was served on those identified below by electronic mail (and as otherwise indicated below) on July 18, 2023:

Annette Jeter-Sipple and Gary Sipple
via email at sippnu@gmail.com
Plaintiffs

Annette Jeter-Sipple and Gary Sipple
2508 SW Stutley Ct
Topeka, KS 66614-4767
First Class U.S. Mail
Plaintiffs

Annette Jeter-Sipple and Gary Sipple
P.O. Box 67711
Topeka, KS 66667
First Class U.S. Mail
Plaintiffs

Annette Jeter-Sipple
2831 SW 31st Court, Apt. 206
Topeka, KS 66614
First Class U.S. Mail
Plaintiffs

Jonathan C. Brzon
Shawnee County Counselor's Office
707 SE Quincy Street, Room 310
Topeka, KS 66603
Jonathan.brzon@snco.us
Counsel for Defendant Cyndi Beck

Shon D. Qualseth
Milesha N. Segun
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Shon.qualseth@ag.ks.gov
Milesha.segun@ag.ks.gov
Counsel for Defendants
Judge Watson and Judge Christopher

/s/     William H. Meyer

3