IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY SIPPLE AND ANNETTE JETER-SIPPLE,

        Plaintiffs,

        v.

MICHAEL ZEVITA, et al.,

        Defendants.

Case No. 5:23-cv-4038-HLT

**MEMORANDUM AND ORDER**

This case arises out of a foreclosure action in state court. Plaintiffs Gary Sipple and Annette Jeter-Sipple bring this federal case pro se[1] and deny it is about the foreclosure of their property. Doc. 31 at 1. They espouse theories and arguments akin to those of the sovereign-citizen movement. Plaintiffs' tactics have complicated resolution of this case.

Plaintiffs have sued judges, attorneys, and the Shawnee County Clerk. They title their complaint "42 U.S.C. 1983 Complaint." But the text of the complaint only briefly mentions § 1983 and other federal statutes. It explicitly identifies six state-law claims.

Defendants move to dismiss, addressing this Court's jurisdiction and the merits of each of Plaintiffs' claims.[2] Docs. 7, 15, & 17. Attorneys Michael Zevitz and William H. Meyer filed one motion. Cyndi Beck filed another. And Judges Teresa L. Watson and Mary Christopher filed the third. Plaintiffs responded but failed to directly address Defendants' arguments. This leaves the motions essentially uncontested. But the Court is mindful of Plaintiffs' pro se status and the Tenth

---

[1] The Court is mindful of Plaintiffs' pro se status and liberally construes their filings but will not become their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] One unserved defendant, Shari Ashner, did not move.

Circuit's direction that a district court may not grant a dispositive motion solely because it is uncontested. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The Court therefore fully addresses Defendants' motions, but first briefly describes Plaintiffs' responsive approach and why it does not warrant further consideration. The Court dismisses Plaintiffs' claims for lack of subject matter jurisdiction.

I. BACKGROUND

MidFirst Bank filed a residential foreclosure petition in state court in March 2022. The petition alleges Plaintiffs stopped making payments on the property known as 2508 SW Stutley Court, Topeka, Kansas 66614. A process server (who is not a defendant here) posted summons and a petition to foreclose mortgage on what Plaintiffs term the "private trust property" in May 2022. The process server posted the documents on the door of 2508 SW Stutley Court. Plaintiffs allege the process server acted without permission. They claim Defendants used the documents "to perfect a forged title and theft by deception of Private Trust Property." *Id.* at 3.

The state court entered a Journal Entry of Judgment of Foreclosure on January 12, 2023. This document states that Plaintiffs failed to make payments since December 1, 2019. The state court entered summary judgment against Plaintiffs. Plaintiffs then removed the state court foreclosure case to federal court. That case was assigned to Judge Melgren as case No. 23-cv-4013-EFM. Judge Melgren held that removal was improper and remanded the case to state court. Plaintiffs later initiated this suit in federal court.

II. STANDARD

Defendants move to dismiss Plaintiffs' case both for lack of subject matter jurisdiction and for failure to state a claim. The Court sets forth only the standard for subject matter jurisdiction because it does not reach the merits of Plaintiffs' claims.

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). In that situation, the allegations in the complaint are accepted as true. *Id*. A factual attack looks beyond the operative complaint to the facts on which subject matter jurisdiction depends. *Id*. at 1003. Defendants bring a facial attack because they challenge the sufficiency of Plaintiffs' complaint. The Court therefore accepts the allegations in the complaint as true and considers whether those allegations establish subject matter jurisdiction. *Id.* at 1002.

### III.   PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTIONS

Defendants' motions raise a host of overlapping issues. The Court reaches only one issue: its jurisdiction over the case. Plaintiffs directly responded to even fewer of the issues.

Plaintiffs filed a response brief to the attorney-defendants' motion to dismiss on June 30, 2023. Doc. 23. Plaintiffs ignore most of the arguments. Instead, they cite the standards for summary judgment and the use of hearsay testimony. They argue that an "Unauthorized Attorney" filed the motion to dismiss and that the "Unauthorized Attorney" cannot defend Plaintiffs' claims because he is "an agent and not a competent witness."[3] Doc. 23 at 2. And Plaintiffs make irrelevant arguments about affidavits and expert testimony. Finally, Plaintiffs discuss their standing to bring claims. None of these arguments merit further attention or discussion.

Plaintiffs later filed another document titled "Plaintiffs' Motion to Strike and Dismiss." Doc. 30. This document purports to relate to the motion to dismiss filed June 26, 2023 by the judge

---

[3]   Meyer represents both himself and Zevitz. He is an attorney and is therefore authorized to do so.

3

defendants. But it refers to both the attorney defendants and the judge defendants.[4] To the extent Plaintiffs want the Court to strike either or both motions to dismiss, the Court denies the request. Rule 12(f) only authorizes courts to strike pleadings. Motions are not pleadings. Plaintiffs have offered no valid basis to strike either motion.

This second response and motion makes little sense. Plaintiffs again discuss the "Unauthorized Attorney." They then begin incorporating an unintelligible variation of sovereign-citizen-like jargon, including the following:

> Title 8 U.S.C. 1481 states: once an oath of office is taken citizenship is relinquished, thus you become a foreign entity, agency, or state. Every public official is a foreign state, including all political subdivisions (i.e. every single court and that courts personnel is considered a separate foreign entity). . . . Any prosecution done in law, equity, contract law, treaties or claims by the State against the people now constitutes Putative Fraud and Dishonest Service due to the salary contract that the public official has with the people his or her duties. Plaintiffs now place a 14th Amendment, Section 4 bounty against Defendants and against the public debt and demand[] $150 million dollars for any such contractual violations against the public debt. The Plaintiffs will remind "hearing officer of a sanction for such violation under administrative Procedure, Title 5, U.S.C., section 551 which includes repaying the public debt under 14th Amendment bounty by removal from office defendants and other parties involved, loss of benefits, loss of performance bonds and any other bond to that position to pay the public debt, as well as paying back all wages collected when carrying out judicial fraud, and "LOSS" of the defendants property, such as homes, vehicles, bank accounts, stock shares in all court cases due to illegal gain of such items by way of fraud perpetrated on the Plaintiffs. As a minor/ infant there was a trust created and administered without Plaintiffs consent as well. See doc 1. But as a minor/ infant status the attorney (defendants, Shari Ashner, William Meyer, and Michael Zevitz), administrative duties were to make sure the wards, or minor/ infants were the beneficiaries of this resulting trust as explain in Plaintiffs Bill of Complaint in Equity and Jurisdiction, which results in a breach of trust duties.

---

[4] Neither of Plaintiffs' briefs appear to correlate to Cyndi Beck's motion.

Doc. 31 at 5-6. The Court cannot discern a valid position supporting Plaintiffs' claims from this confusing verbiage.

Plaintiffs also filed a document titled "Bill of Complaint in Equity Presentment to Void Proceedings and Jurisdiction." Doc. 22. This document is nonsensical and pays the most overt homage to the sovereign-citizen movement. Defendants responded to it. Docs. 32, 34, & 35. Plaintiffs filed a reply. Doc. 33. Their reply states that Zevitz and Meyer "<u>mistakenly</u> call Plaintiff[s'] filings sovereign citizen styled documents." *Id.* at 1 (emphasis added).

Plaintiffs may seek to distance themselves from the sovereign-citizen movement. But the rhetoric speaks for itself. At a minimum, it suggests a reliance on beliefs and arguments like those espoused by the movement. Judge Melgren made a similar finding when remanding their prior federal case to state court. *MidFirst Bank v. Jeter-Sipple*, 2023 WL 3002443, at *3 (D. Kan. 2023) (noting that Plaintiffs claimed to be members of the Washitaw Nation, which appears to be an "offshoot of the sovereign citizen movement"). And several of Plaintiffs' actions in this case bear hallmarks of sovereign citizenship. They have imprinted their fingerprints by their signatures on documents. *See Stenberg v. Cafferty*, 2022 WL 16574164, at *2 (D. Idaho 2022); *Saito v. Collier Cnty. Mun. Corp.*, 2022 WL 19073913, at *1 (M.D. Fla. 2022); *Nation v. United States*, 2021 WL 6013559, at *2 n.1 (Fed. Cl. 2021). They refer to themselves as "living man" and "living woman." *See United States v. Nissen*, 555 F. Supp. 3d 1174, 1201 (N. N.M. 2021); *Lebron v. BMW Fin. Servs.*, 2021 WL 9594003, at *2 (M.D. Fla. 2021). They place brackets around their zip code. *See Nation*, 2021 WL 6013559, at *2 n.1. They include documents marked as "The Sipple Court." *See Saito*, 2022 WL 19073913, at *1. And they specify "NO RUBBER STAMPS." *See id.* Plaintiffs may not acknowledge that their filings partly model those of sovereign citizens. But their denial rings hollow.

5

Courts show no hesitation in rejecting as frivolous arguments based on the theory of sovereign citizenship. *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014); *see, e.g.*, *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [the defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("We note that an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *McCormack v. Hollenbach*, 2019 WL 360522, at *2 (W.D. Ky. 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources." (internal quotation marks and citation omitted)). "Claims based on 'sovereign citizen' theories may be dismissed without 'extended argument' as patently frivolous." *Adkins v. Kentucky*, 2018 WL 6528462, at *1 (W.D. Ky. 2018) (quoting *United States v. Ward*, 1999 WL 369812, at *2 (9th Cir. 1999)).

Plaintiffs' various filings do not meet the substance of Defendants' arguments for dismissal. The Court finds they merit no further discussion here. The Court instead addresses two of Defendants' jurisdictional arguments and evaluates whether they justify dismissal. They do.

### IV.   ANALYSIS

There are two grounds for federal jurisdiction: diversity of the parties with a minimum amount in controversy and federal question jurisdiction. Plaintiffs fail to establish either. Their failure mandates dismissal of all claims—even those against unserved defendants. The Court will

not sanction Plaintiffs or impose filing restrictions at this time. But Plaintiffs are cautioned that future attempts to invoke this Court's jurisdiction with the same tactics may open them up to the possibility of sanctions or filing restrictions for doing so.

### A.     Diversity Jurisdiction

Plaintiffs allege this Court has diversity jurisdiction over the case. They seek $50 million, which is more than sufficient to satisfy the required amount in controversy. They also assert there is diversity of citizenship. Plaintiffs associate all defendants with the state of Kansas. And they deny any connection of their own to Kansas.

Plaintiff's claim of diversity is disingenuous. They utilize sovereign-citizen rhetoric to suggest that the property does not lie in Kansas and they do not reside there. But the property at issue has an address in Topeka, Kansas. And Plaintiffs listed their county of residence on the Civil Cover Sheet as Shawnee County, Kansas. Doc. 2 at 1. They also checked a box indicating that they are citizens of this state and that Defendants are citizens of this state. *Id.* The only indications in the record of Plaintiffs' citizenship show that Plaintiffs are, indeed, citizens of Kansas. Plaintiffs fail to establish that this Court has diversity jurisdiction over the case.

### B.     Federal Question Jurisdiction

Plaintiffs also allege the Court has federal question jurisdiction. They purport to assert constitutional claims under 42 U.S.C. § 1983, Privacy Act claims under 5 U.S.C. § 552a, and criminal conspiracy claims under 18 U.S.C. §§ 241 and 242. One problem with this allegation is the fact that the complaint only mentions the federal statutes in passing. The state law claims, on the other hand, are specifically addressed in numbered Counts. Plaintiffs cannot assert federal question jurisdiction simply by identifying a few federal statutes. Listing statutes without more is insufficient to invoke federal question jurisdiction. *See Bricker v. Kansas*, 2017 WL 568670, at *4

(D. Kan. 2017). The question is whether the federal claims Plaintiffs allege are colorable or whether they are "wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). They are not colorable. The Court has no difficulty determining they are "wholly insubstantial and frivolous" as pleaded. Plaintiffs are simply trying to repackage their state law foreclosure-related claims as federal claims to escape the impact of state-court decisions. *See Estate of Bamberg v. Regions Bank*, 2014 WL 2957815, at *3 (N.D. Ga. 2014) ("While plaintiffs' complaint and motion are littered with citations to the Constitution, federal treaties, and 18 U.S.C. § 242 (1996), their causes of action all ultimately relate to a claim akin to wrongful foreclosure and eviction."). This is not a valid entryway to federal court.

Plaintiffs fail to tie their constitutional claims and federal statutes to any actions by Defendants. It seems Plaintiffs want to use § 1983 to assert violations of their First, Fourth, and Fifth Amendment rights. But they do not explain how their rights were violated. Plaintiffs allege no personal participation by Defendants. The do not allege any facts suggesting that the lawyer defendants are state actors. They include no facts about the religious rights allegedly violated. And they allege no facts about how Defendants violated either their Fourth or Fifth Amendment rights. It is not even clear that these are claims at all, but for Plaintiffs' title of their complaint and mentioning the constitution a few times. Plaintiffs' § 1983 allegations do not present a colorable claim as pleaded.

Plaintiffs also mention the Privacy Act, 5 U.S.C. § 552a, as a statute Defendants violated. This statute provides a cause of action against federal agencies. *See Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 421-22 (10th Cir. 1988). No named defendant is a federal agency or federal official. And Plaintiffs do not suggest how the actions of a non-defendant process server implicate Defendants under federal law. This allegation, too, fails to present a colorable claim.

Finally, Plaintiffs cite 28 U.S.C. §§ 241 and 242 as a source of conspiracy claims. But these are criminal statutes. Plaintiffs have not explained how they have standing to enforce criminal statutes as private persons. *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Allegations of violations of federal criminal statutes again are wholly insubstantial and frivolous.

This leaves the Court with no basis for jurisdiction. Dismissal of all Plaintiffs' claims without prejudice is therefore warranted.[5] *See United States v. Sanchez*, 568 F. App'x 557, 559 (10th Cir. 2014).

### C. Unserved Defendant Shari Ashner

The Court also dismisses the claims against Shari Ashner, who has not been served, for the same reasons the Court has dismissed all other claims in this case. *See Smith v. Cooper*, 2012 WL 1094431, at *5 (N.D. Cal. 2012) ("[S]ummary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed and (3) [the plaintiff] has been provided an opportunity to address the controlling issues." (citation omitted)). This is appropriate for several reasons.

First, Ashner is similarly situated to the other defendants. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1344 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.");

---

[5] Defendants also raise the *Rooker-Feldman* doctrine, *Younger* abstention, and principles of immunity. The Court does not have adequate information about the state court case to properly evaluate Plaintiffs' claims under *Rooker-Feldman* or *Younger*. Eleventh Amendment immunity and judicial immunity are both valid defenses for the judge defendants, but they do not fully dispose of the case.

9

*Gibbs v. Ocwen Loan Servicing, LLC*, 2014 WL 4414809, at *9 (N.D. Tex. 2014) ("The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants." (citation omitted)). There is no subject matter jurisdiction here. That ruling also applies to Ashner.

Second, Plaintiffs have had a full and fair opportunity to explain to the Court why their claims should survive dismissal. The issues have been fully briefed and Plaintiffs have been given multiple opportunities to respond to Defendants' arguments.

Third, any other outcome would be inconsistent with Fed. R. Civ. P. 1. Plaintiffs have had a full opportunity to litigate their claims in the state court foreclosure action, the removed case, and this one. They have not prevailed in any of the three cases. A contrary result would require Ashner and the Court's limited resources to litigate the same issues as Plaintiffs again try to pursue their claims using the same tactics. This is neither desirable nor consistent with Rule 1.

### D.    Sanctions and Filing Restrictions

Defendants ask the Court to impose limited filing restrictions and to enter an order specifying that Defendants need not respond to further filings by Plaintiffs unless otherwise ordered by the Court.

The Court is dismissing this case without prejudice for lack of jurisdiction. There are no remaining live issues. The Court will therefore not sanction Plaintiffs, order filing restrictions, or globally relieve Defendants from an obligation to respond to filings. But all three options remain available to the Court if Plaintiffs continue to frivolously pursue their claims against Defendants in federal court, invoking federal jurisdiction under similar circumstances.[6]

---

[6] The Court's reluctance to impose sanctions or filing restrictions at this time may be reflective of the relatively short time the case has been pending. Plaintiffs have not yet had the opportunity to pepper the file with motions and filings, as it appears they have been doing in state court.

The Court expressly cautions Plaintiffs about their litigation tactics. Sovereign-citizen theories do not relieve Plaintiffs of the obligation to comply with the law. Their allegations against Defendants have been adjudicated, and Plaintiffs were not victorious. Continued attempts to re-litigate this dispute in federal court without a non-frivolous jurisdictional argument may result in the imposition of sanctions, including monetary sanctions, an award of attorney's fees, or filing restrictions. Plaintiffs, of course, are free to appeal this Court's decision, and the Court's warning should not be construed as discouraging use of the appellate process.

## V.   CONCLUSION

The Court is mindful of Plaintiffs' pro se status. But they identify no facts in their complaint or opposition briefs that suggest a jurisdictional basis for this case. And the tenor of all Plaintiffs' arguments suggest that this is a case stemming from general dissatisfaction with the state-court foreclosure proceeding and is designed to harass those involved in the process. The foreclosure case against Plaintiffs is in state court. That is where they must litigate.

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss (Docs. 7, 15, & 17) are GRANTED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The case is closed.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike (Doc. 30) is DENIED and that Plaintiff's motion for a preliminary injunction (Doc. 21) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: July 24, 2023                         /s/  *Holly L. Teeter*
                                                             HOLLY L. TEETER
                                                             UNITED STATES DISTRICT JUDGE